## ANGELINA *v.* WHITEHEAD et al.

Where a female child, a slave, was sold, while the Code of 1808 was in force, by a written instrument, reciting that the vendor " in consideration of a solemn promise made to him by the purchaser to manumit and set free the said female slave and of a certain sum (the amount of which is stated in the act) bargains, sells and delivers the slave to the purchaser with full power and authority to manumit her," the sale will be considered to have been made to insure her emancipation. The emancipation was an essential condition without which the sale would not have been made, and was to be regulated by considerations of the slave's own welfare, and the laws of the State. She did not become free on attaining the age of thirty years ; but her right to have her condition adjudicated upon, and her emancipation and that of her children ordered, so far as her owner was concerned, unless there was some lawful impediment, then became complete. Moreau & Carleton's Partidas, part. 3, tit. 11, law 8.   C. C. 185, 174.   C. P. 103.

APPEAL from the District Court of Lafayette, *Overton,* J.   *W. B. Lewis* and *Porter,* for the appellant, cited Code of 1808, p. 262, art. 21.   Civil Code, art. 1896.   2 La. 215, 340.   *Brent,* for the defendants, relied on *Bozzi* v. *Rose,* 8 Mart. 194.   Code of 1808, p. 40, art. 25 ; p. 42, art. 27 ; p. 220, art. 53.   4 Mart. N. S. 464.   7 Ib. N. S. 425.   8 Ib. N. S. 127.   1 La. 241.   10 La. 90.   13 La. 411.   17 La. 365.   The judgment of the court was pronounced by

EUSTIS, C. J.   This is an action for liberty, instituted by the plaintiff for herself and her three children.   She was born a slave in the State of Mississippi, in the year 1812, and belonged to the late John R. *Holliday,* of this State, by whom she was sold to *Philander Campbell,* then residing in the present parish of Lafayette.   She and her children were held as slaves during his lifetime, and, on his decease, by the defendants, who are his heirs, and who assert their right to hold them in bondage.   This is the second action instituted by the plaintiff for the same cause.   On the trial she was non-suited, and has appealed.

The instrument under which she claims her freedom is as follows :

" Know all men by these presents, that I, John Robert *Holliday,* of the State of Louisiana, for and in consideration of a solemn promise made to me by *Philander Campbell,* of the State aforesaid, that he would manumit and set free from bondage, a certain mulatto girl named *Angelina,* and the further consideration of one hundred and fifty dollars to me in hand paid, the receipt whereof I do hereby acknowledge myself herewith fully satisfied, contented, and paid, have bargained, sold, and delivered, and by these presents do bargain, sell, and deliver, unto the said *Philander Campbell,* with full power and authority to manumit, set free, and forever release from bondage the said mulatto girl *Angelina,* in as full and ample manner as I myself could have done before the execution of these presents.   The said girl is about nine years old.   In

witness whereof, I have hereunto set my hand and seal, at Richland, in the State of Mississippi, this 26th day of July, 1820.·

"JNO. R. HOLLIDAY. [Seal.]

" Signed, sealed, and delivered ln the presence of

" WM. YERLEY."

*Allen Campbell* brought the plaintiff from the State of Mississippi, to the residence of his brother, the ancestor of the defendants, at his request, and, with her, was delivered, at the same time, the above bill of sale. His brother read it and retained it until his death, when it passed to the possession of the defendants. There appears to be no question as to the verity of the instrument, and the questions raised in the argument of the case relate principally to its validity and effect. As to its evident sense, on a fair and reasonable construction, we think there can scarcely be any question.

Considering the whole of this instrument together, without going out of its terms, we think that the sale was made by *Holliday* for the purpose of insuring the emancipation of the plaintiff; that this was an essential condition of the contract, without which it would not have been made. , The slave was of a tender age, incapable of taking care of herself, and her emancipation was to be regulated by considerations of her own welfare, and the laws of Louisiana, in which State both of the parties resided. Such is the true construction, or the greater and most formal portion of the instrument means nothing. If we look to the evidence adduced on the trial, no other construction is possible ; and as to the admissibility of any portion of it, as reserved in the bills of exception, it is unnecessary to decide, after the opinion we have expressed on the construction of the instrument itself, under the circumstances which attended its execution and delivery.

By the plaintiff's having attained the age of thirty years, she did not become a free person, but her right to be emancipated then became complete, unless there was some lawful impediment to its exercise. The 185th article of the Code provides that, no one can emancipate his slave unless the slave has attained the age of thirty years, and has behaved well at least four years preceding the emancipation. The power of emancipating slaves is vested in the police juries under such conditions as the public interests render necessary. But the right of the plaintiff to have her condition adjudicated upon, and her emancipation ordered, so far as her owners are concerned, we think, is unquestionable, under the provisions of the Code. The instrument under which the plaintiff claims her freedom is dated in 1820, previous to the enactment of our present Code. We have been referred to no authority which impugns the validity of contracts of this description under the Code of 1808, or which would prevent the slave from availing herself of the stipulation of liberty in her favor. On the contrary, we find that in the translation of those laws of the Partidas, which were still held to be in force in Louisiana, made under the authority of the legislature in 1820, this class of contracts for the freedom of slaves is expressly recognized, and the law regulating them is inserted at length. Vide Translation of Partidas, Partida 3, tit. 2, law 8. Provision is made for the enforcement of the right of the slave to emancipation in similar cases.

It was a common mode of securing the freedom of the slave for a friend, or patron, to purchase him for his liberty ; and we find a spanish tribunal in Louisiana enforcing a direct contract for emancipation made between the master and a freedman, who was the father of the slave. *Cuffy v. Castillon*, 5 Mart. 494.

ANGELINA
v.
WHITEHEAD.

The Code of 1825, expressly recognizing the right of the slave to make a contract for his emancipation, and giving him an action against his master for his freedom (C. P. 103), seems to us to render clear the right of the plaintiff to avail herself of the stipulation of liberty in her favor, and to claim for herself and her children her emancipation, from the heirs of the owner who acquired and held her on that express condition.

Under the evidence, and the issues tendered in the answer, and the prayer of the plaintiff for general relief, we feel bound to adjudicate on the condition or *status* of the plaintiff, adversely to the claims set up by the defendants to hold her and her children absolutely as slaves.

It is, therefore, decreed that, the judgment appealed from be reversed, and that the plaintiff *Angelina*, and her three children, to wit, *Melinda*, a female, aged about seventeen years; *Felix*, a male, aged about fifteen years; and an infant named *Maria*, a female, aged about two years, mentioned in the plaintiff's petition, be slaves for years or *statu-liberi*, and not slaves for life. And it is further decreed that the defendants proceed without delay to emancipate the said plaintiff, under the laws of this State; and that they, and each of them, do, and perform such acts as may be lawfully required to effect said emancipation; and that they pay the costs in both courts.